UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Warren Huch,<br><br>       Plaintiff(s),<br><br>vs.<br><br><br>Pacific Seafood - Las Vegas, LLC, et al.,<br><br>       Defendant(s). | 2:24-cv-01445-CDS-MDC<br><br>**ORDER GRANTING AND DENYING THE PARTIES' STIPULATION REGARDING DISCOVERY DISPUTE IN PART (ECF NO. 33)** |

The parties filed a *Stipulation Regarding Discovery Dispute* ("Stipulation"). *ECF No. 33*. The Court GRANTS and DENIES the Stipulation IN PART.

**I.   BACKGROUND**

This case involves claims under the Americans with Disabilities Act and other state and federal anti-discrimination laws. *Id* at 1. Plaintiff Warren Huch was first employed as a buyer for Pacific Seafood Distribution, LLC in Oregon. *Id.* Plaintiff applied for a new position with the Pacific Seafood Las Vegas entity. *Id.* The complaint alleges that plaintiff discussed an issue with his regional manager regarding shrinkage (the loss of fresh or frozen seafood or reduction in value of such products) in Warehouse 66. *Id.*  Plaintiff alleges that he also informed his supervisor that he would need Family and Medical Leave Act ("FMLA") leave to be treated for kidney failure and heart disease. *Id.* Defendants state that they also informed plaintiff that they intended to put him on a performance improvement plan ("PIP"). *Id* at 2. Defendants allegedly initiated an FMLA claim on behalf of plaintiff. *Id.* Plaintiff signed a 30-day PIP and a related corrective action form with a warning regarding his failure to contact vendors regarding credits for obsolete inventory and other performance issues. *Id.* Plaintiff again notified his supervisor of a need to take time off in the foreseeable future to seek treatment for kidney failure and heart disease. *Id.* Defendants later terminated plaintiff. *Id.* Plaintiff claims that the employment termination was unlawful. *Id.* The parties have been unable to

resolve certain discovery disputes, pertaining to requests for production of documents ("request") and interrogatories.

## II.  DISCUSSION

### A.  Legal Standard

Fed. R. Civ. P. 26(b) authorizes parties to obtain information and evidence, declaring, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." "To show a prima facie case of discrimination, a plaintiff must offer evidence that gives rise to an inference of unlawful discrimination." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996) (cleaned up).

Whether employees are similarly situated, "is a fact intensive inquiry, and what facts are material will vary depending on the case. *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1157 (9th Cir. 2010). For instance, in *Nicholson v. Hyannis Air Service, Inc.*, 580 F.3d 1116, 1125-26 (9th Cir. 2009), the Ninth Circuit held female pilot with deficient communication skills was similarly situated to male pilots with deficient technical skills as both sets of deficiencies could be addressed in training. The Ninth Circuit has also noted that employees are similarly situated where they "violated similar company policies" and the employer oversaw discipline "on a national level in an effort to ensure [the employees] are subject to consistent standards." *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1115 (9th Cir. 2011). See also See, e.g., *Beck v. United Food & Commercial Workers Union Local 99*, 506 F.3d 874, 885 n.5 (9th Cir. 2007) (district court erred by mechanically imposing a strict "same supervisor" requirement; "whether two employees are similarly situated is ordinarily a question of fact"). The employees' roles need not be identical; they must only be similar "in all material respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006); see *also Hathaway v. Jefferson Cty.*, No. 4:23-cv-00254-BLW, 2024 U.S. Dist. LEXIS 218745, at *11 (D. Idaho Dec. 2, 2024) ("Rule

1  26 permits broad discovery. It would be inappropriate and unworkable to require plaintiffs to limit
2  discovery only to those employees that a factfinder would ultimately conclude to be appropriate
3  comparators.").

4  **B. Analysis**

5  Request Nos. 3 and 4 pertain to documents seeking the names of other employees that have
6  been terminated and the reasons why these employees were terminated. Interrogatory Nos. 15 and 16
7  seek the identities of personnel who were deemed responsible for, disciplined for, or terminated for
8  reasons related to shrinkage. Interrogatory No. 10 requests that the defendants identify plaintiff's
9  alleged shrinkage.

10  Plaintiff argues that he is seeking the identities of defendants' employees who could potentially
11  be deemed similarly situated. Plaintiff claims a right to investigate the extent to which other current or
12  former employees of the defendants have been disciplined or terminated under reasonably similar
13  circumstances. Defendants object that the requests are overly broad, unduly burdensome, and not
14  likely to lead to the discovery of admissible evidence as it seeks. Defendant also argues that plaintiff's
15  requests and interrogatories are overly broad because they do not contain any time limitations.
16  Defendants also argue that other employees are not similarly situated to plaintiff as they have different
17  job titles, different supervisors, are in different locations, and have different employment histories.

18  Defendants also argue that these requests seek the confidential personnel information of
19  individuals who are not parties to this litigation. Plaintiff argues that such evidence would naturally
20  include information identifying potentially similarly situated employees, facts showing how the other
21  employees' situations were similar or different from plaintiff, and the ways in which the employer
22  treated such other employees. Defendants argue that only other "purchasing managers" who were
23  supervised by Jimmy Yamamoto could possibly be similarly situated, and on that basis, have refused
24  to supply any information relating to other past or current employees. Defendants also argue that

25

plaintiff's interrogatories for all terminations related to shrinkage is overly broad and unduly burdensome.

      The Court agrees that plaintiff's requests and interrogatories are all broad because they have no temporal limit. Plaintiff must narrow his requests and interrogatories within a four-year time frame. While discovery is broad, the Court agrees that plaintiff's requests seeking the names of all terminated employees is overly broad and unduly burdensome. Request Nos. 3 and 4 are not based on his individual claims in the complaint to identify similarly situated employees. Plaintiff must take discovery in a more targeted manner.  For example, plaintiff could seek the names of terminated employees who also asked for FMLA leave. The plaintiff's interrogatories Nos. 15 and 16 demonstrate this principle and are not overly broad. Since plaintiff seeks the identities of personnel who were identified, disciplined, or terminated for reasons related to shrinkage, these interrogatories are directly related to plaintiff's claims.

      The Court agrees with plaintiff that the defendants cannot unilaterally determine which employees are similarly situated. The Court rejects defendants' contention that only people with a certain job title, or are in the same location, or who had the same supervisor (for example) are similarly situated. Identifying similarly situated employees is a fact-intensive inquiry, and plaintiff is allowed to take broad discovery to prove his individual claims. Interrogatory Nos. 15 and 16 are not overly broad because they seek limited information about individuals who were terminated due to shrinkage issues. Defendants have not demonstrated how these requests are unduly burdensome, other than by claiming it is impossible. The parties could agree to search terms, for example, regarding the shrinkage issues. The Court directs the parties to work together regarding production of these documents.

      Defendant argues that interrogatory No. 10 is overly broad and unduly burdensome because it seeks Pacific Seafood's confidential and proprietary information. Confidential information alone does

not make interrogatory No. 10 overly broad or unduly burdensome. The Court also overrules defendants' objection on the grounds that the information sought is confidential because a protective order adequately provides a mechanism to protect such information. The parties previously filed a stipulated protective order, which the Court denied without prejudice and granted the parties leave to file amended stipulation. *ECF No. 34*. The parties shall file an amended stipulated protective order in compliance with ECF No. 34 by **August 19, 2025**, and defendant shall provide a complete response to plaintiff's Interrogatory No. 10 by **September 4, 2025**.

//

//

//

//

//

//

//

//

//

//

//

ACCORDINGLY,

**IT IS ORDERED that** the parties' *Stipulation Regarding Discovery Dispute* (ECF No. 33) is GRANTED and DENIED IN PART as discussed in this Order and as follows:

1. The Court thus DENIES plaintiff's request to compel request Nos. 3 and 4 as overbroad. Plaintiff may take more targeted discovery to identify the names of employees who are similarly situated.

2. The Court GRANTS plaintiff's requests to compel interrogatories Nos. 15 and 16, with the additional four-year temporal limitation. Defendants shall then respond to Interrogatories Nos. 15 and 16 by **September 4, 2025.**

3. The Court GRANTS plaintiff's request to compel interrogatory No. 10. Defendants shall then respond to Interrogatory No. 10 by **September 4, 2025**.

4. The parties SHALL file a stipulated protective order by **August 19, 2025**, that integrates defendants' concerns about personnel, pricing, and other confidential and proprietary information and complies with the Court's previous Order. *See ECF No. 34*.

DATED: August 5, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge